**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALI SHERKAT,

      Plaintiff-Appellant,

v.

JAMES F. VANO; SANDY McCURDY,

      Defendants-Appellees.

No. 03-3143

(D.C. No. 02-CV-2570-GTV)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered

submitted without oral argument.

Plaintiff Ali Sherkat, appearing pro se, appeals the district court's dismissal of his

complaint against defendants James Vano and Sandy McCurdy for lack of subject matter

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

jurisdiction. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

According to the record on appeal, Sherkat's former spouse sought a protective order in state district court under the Kansas Protection from Abuse Act, Kan. Stat. Ann. § 60-3101 *et seq*. Vano, the presiding magistrate judge, conducted an evidentiary hearing and found Sherkat "to be a credible threat to the safety of [his former spouse] and/or minor children." ROA, Doc. 1, Exh. A. Vano issued a protective order against Sherkat and ordered Sherkat to participate in a parenting class and anger control counseling. Sherkat contacted McCurdy, clerk of the state district court, to obtain a transcript of the evidentiary hearing. McCurdy informed Sherkat that records are not routinely made of hearings before district magistrate judges, and that an appeal would be "heard de novo by the district judge assigned upon appeal." Id. Exh. B.

On November 13, 2002, Sherkat filed this civil action pursuant to 42 U.S.C. § 1983 in federal district court, claiming Vano and McCurdy violated his rights by failing to transcribe the state court evidentiary hearing. The complaint sought relief in the form of monetary damages, declaratory relief, reversal of the state court rulings, and restoration of his parental rights. On April 23, 2003, the district court granted defendants' motion to dismiss. The district court concluded it was prohibited by the Rooker-Feldman doctrine[1]

---

[1] The doctrine stems from the decisions in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

from reviewing Sherkat's claims. The court also noted that Sherkat's complaint was subject to dismissal based on Eleventh Amendment immunity, judicial immunity, the doctrine of abstention, and potentially the doctrine of res judicata (due to his previous filing of two similar civil actions in federal court).

We review the dismissal of the complaint de novo. See Ordinance 59 Ass'n v. United States Dep't of Interior Sec'y, 163 F.3d 1150, 1152 (10th Cir. 1998). Sherkat's complaint "seek[s] what in substance would be appellate review of the" protective order issued against him by defendant Vano. See Johnson v. Riddle, 305 F.3d 1107, 1116 (10th Cir. 2002). Further, the constitutional violations allegedly committed by Vano and McCurdy are inextricably intertwined with the state court protective order entered against Sherkat. The Rooker-Feldman doctrine clearly prohibits federal court review of those claims. See Kenmen Eng'g v. City of Union, 314 F.3d 468, 473 (10th Cir. 2002).

AFFIRMED. Sherkat's Emergency Motion for Preliminary Injunction is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3